UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | NO. |
| | : | |
| v. | : | (JUDGE          ) |
| | : | |
| MARIA F. TAVAREZ | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

1.    Waiver of Indictment/Plea of Guilty. The defendant agrees

to waive indictment by a grand jury and plead guilty to a felony

Information which will be filed against the defendant by the United

States Attorney for the Middle District of Pennsylvania. That

Information will charge the defendant with a violation of Title 21,

United States Code, Section 841(a)(1) and 846 distribution and

attempted distribution of a controlled substance, suboxone. The

maximum penalty for that offense is imprisonment for a period of 10

years, a fine of $500,000, a maximum term of supervised release of 3 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offenses charged in the Information. The defendant agrees that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event that the charges to which the defendant has pleaded guilty pursuant to this Agreement are subsequently vacated, set aside, or invalidated by the district court or an appellate court. The defendant further agrees to waive any defenses to reinstatement of these charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2.    Term of Supervised Release. The defendant understands that the court must impose at least a three-year term of supervised release in addition to any term of imprisonment, fine or assessment involving a violation of the Controlled Substances Act. The defendant also understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.    No Further Prosecution, Except Tax Charges. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offenses described above. However, nothing in this Agreement will limit

3

prosecution for criminal tax charges, if any, arising out of those offenses.

4.  Fine. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5.  Special Assessment. The defendant understands that the court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013. Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

4

6. <u>Determination of Sentencing Guidelines.</u>    The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

7. <u>Acceptance of Responsibility– [Two/Three] Levels.</u>  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two [three]-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if

5

applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a two [three]-level reduction shall not be a basis to void this Plea Agreement.

8.   No Recommendation of Sentence.  At the time of sentencing, the United States will make no specific recommendation as to the length or type of sentence.  However, the United States reserves the right to rebut any defense argument that the Probation Office has erred in its calculation of the appropriate Guideline range.  Further, the United States will recommend that the sentence imposed be within the applicable guideline range.

9.   Full Cooperation.  The defendant agrees to cooperate fully with the United States.  The defendant understands and agrees that complete and truthful cooperation is a material condition of this Agreement.  Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offenses described in this Agreement.  Cooperation will also include complying with all reasonable instructions from the United

6

States, submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and to testify fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant. This may include submitting to interviews and testifying at proceedings after defendant has been sentenced in this matter. The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the United States. The United States agrees that any statements made by the defendant during the cooperation phase of this Agreement shall not be used against the defendant in any subsequent prosecutions unless and until there is a determination by the court that the defendant has breached this Agreement. However, the United States will be free to use at sentencing in this case any of the statements and evidence provided by the defendant during the cooperation phase of the Agreement. Moreover, the parties agree that, although the defendant's statements made during the cooperation phase cannot be used against

the defendant in any subsequent criminal prosecution, this provision

shall not preclude the United States from requiring the defendant to

submit to interviews by local, state or federal agencies which may use

these statements in civil or administrative proceedings involving the

defendant. The defendant waives and agrees to waive any rights under

the Speedy Trial Act, and understands and agrees that sentencing may

be delayed until the cooperation phase has been completed so that at

sentencing the court will have the benefit of all relevant information.

10. Substantial Assistance. The defendant has agreed to

cooperate with the United States. Upon completion of the cooperation,

if the United States believes the defendant has provided "substantial

assistance" pursuant to Title 18, United States Code, Section 3553(e) or

Section 5K1.1 of the United States Sentencing Guidelines and has fully

complied with the terms of this Agreement, the United States may

request the court to depart below any applicable mandatory minimum

range only, any guideline range only, or both, when fixing a sentence for

the defendant. The United States specifically reserves the right to

make a specific recommendation of a term of months to the court.

However, the defendant acknowledges that the United States may decline to exercise its discretion and recommend a departure if the defendant breaches any of the provisions of this Agreement, or commits any other offense or violates any condition of pre-trial release while awaiting plea or sentencing, or if the defendant's plea involved a guilty plea to an offense which reduces the defendant's maximum possible sentence below the imprisonment range otherwise called for by the Sentencing Guidelines in this case.

11.    Cooperation – Limitation on self-incriminating information. The defendant has agreed to cooperate with the United States by providing information concerning the unlawful activities of others. The United States agrees that self-incriminating information so provided will not be used against the defendant in determining the applicable guideline range except to the extent provided in this Agreement. This provision, however, shall not be applied to restrict the use of information:

(a)    known to the United States prior to entering into the cooperation agreement;

9

(b)     concerning the existence of prior convictions and sentences;

(c)     in a prosecution for perjury, giving a false statement, or obstruction of justice;

(d)     in the event there is a breach of the cooperation agreement.

12.     Undercover Capacity.  The defendant agrees to act in an undercover capacity to the best of the defendant's ability and agrees to allow the authorities to monitor and tape record conversations, in accordance with Federal law, between the defendant and persons believed to be engaged in criminal conduct, and fully cooperate with the instructions of law enforcement authorities in such undercover activities.

13.     Polygraph Examination.  The defendant, if requested by the attorney for the United States, agrees to submit to polygraph examinations by an examiner selected by the United States.

14.     Admissibility of Polygraph Results.  The parties agree that at any court hearings held to determine whether the defendant has breached this Agreement, the polygraph results and the examiner's conclusions and opinions shall be admissible.  The parties also agree

10

that such polygraph data shall be admissible at any sentencing hearings involving the defendant.

15. <u>Further Prosecution for Perjury, False Statements</u>. Nothing in this Agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Sections 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Sections 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this Agreement. Should the defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

16. <u>Background Information for Probation Office</u>. The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's

11

background, character, cooperation, if any, and involvement in this or other offenses.

17. <u>Objections to Pre-Sentence Report</u>. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules

12

of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

18. Relevant Sentencing Information. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

19. Non-Limitation on Government's Response. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the

government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

20. Court Not Bound by Terms. The defendant understands that the court is not a party to and is not bound by this Agreement or any recommendations made by the parties. Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 10 years, a fine of $500,000, a maximum term of supervised release of up to three years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.

21. No Withdrawal of Plea Based on Sentence or Recommendations. If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant

14

be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

22.     Agreement Not Binding on Other Agencies.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

23.     Merger of All Prior Negotiations.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

15

24.	Deadline for Acceptance of Plea Agreement. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., April 30, 2015, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

78.	Required Signatures. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

4/6/15
_____
Date

_Maria Tavarez_
MARIA F. TAVAREZ
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

4/6/15
_____
Date

_D. Toni Byrd_
D. TONI BYRD, ESQUIRE
Counsel for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY

April 13, 2015
_____
Date

By: _Wayne P. Samuelson_
WAYNE P. SAMUELSON
ASSISTANT U.S. ATTORNEY

PJS:WPS:kdt 2014R00375/April 1, 2015

17